**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Bilyeu, | No. CV13-01484-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Leo Bernard Myers, Maricopa County Superior Court, Judge Janice Crawford, Judge Thomas L. LeClaire, The Cavanagh Law Firm, Philip Gerard, | |
| Defendants. | |

Plaintiff Sheila Bilyeu commenced this action by filing a pro se complaint against Defendants on July 22, 2013.  Doc. 1.  Plaintiff alleges that Defendants mistreated her and conspired against her during post-divorce proceedings with her former husband.  Doc. 1.  Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Docs. 8, 11, 13.  The motions are fully briefed.  Docs. 12, 14, 20, 21.  For the reasons that follow, the Court will grant the motions to dismiss.

**I.    Legal Standard.**

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack on the allegations.  *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  A facial attack occurs when the moving party asserts that the allegations contained in the complaint are "insufficient on their face

to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* If the attack is facial, the complaint's factual allegations are taken as true and construed in favor of the non-moving party. *Jacobson v. Katzer,* 609 F.Supp.2d 925, 930 (N.D. Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996)). If the attack is factual, the plaintiff's allegations are not entitled to a presumption of truthfulness, a court may look beyond the pleadings to resolve factual disputes, and the plaintiff has the burden of proving that jurisdiction exists. *Safe Air for Everyone,* 373 F.3d at 1039.

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II.     Discussion.

### A.     Defendants Leo Bernard Myers, Philip Gerard, and The Cavanagh Law Firm.

In her complaint, Plaintiff expresses both her unhappiness with Myers' conduct during their marriage and her disagreements with the post-divorce proceedings conducted in Maricopa County Superior Court. Doc. 1. She alleges that Myers probably knew of a device allegedly implanted into her head by the government and had a duty to tell her about the device and help her receive compensation. Doc. 1 at 2. The allegations against

Defendants Gerard and The Cavanagh Law Firm arise from Plaintiff's unhappiness with Gerard's representation of Myers during the post-divorce proceedings.  Doc. 1 at 3, 5-7.  The Court concludes lacks subject matter jurisdiction over these claims.

The Court has subject matter jurisdiction when the citizenship of each plaintiff is diverse from the citizenship of each defendant.  *See, e.g., Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Plaintiff lists her address as Flagstaff, Arizona, and argues that because Myers is the first listed defendant, there is diversity of citizenship.  Doc. 12 at 1.  Plaintiff misunderstands the complete diversity rule.   The relevant statute requires complete diversity between all parties, not just the first party named in the complaint.  28 U.S.C. § 1332(a)(1).  Because there are multiple Arizona defendants named in the complaint, and because Plaintiff is an Arizona resident, the Court lacks diversity jurisdiction.  *See, e.g.*, *Wisconsin Dept. of Corr. V. Schacht*, 524 U.S. 381, 388 (1998).

The Court also lacks federal question jurisdiction.  The Court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998).  Although Plaintiff lists various federal statutes on the face of her complaint, the Court is unable to discern any federal claim that could apply to Defendants Myers, Gerard, or The Cavanagh Law Firm.  A federal question does not exist "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  Plaintiff cites 18 U.S.C. §§ 73 and 241, both of which are criminal statutes inapplicable to parties in a civil case.  Plaintiff also cites 42 U.S.C. § 1983, but that civil rights statute does not apply to Defendants because they are not "state actors."  *See, e.g.*, *Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002).

The Court will grant Defendants Myers, Gerard, and The Cavanagh Law Firm's motions to dismiss and will dismiss all claims against these defendants for lack of subject matter jurisdiction.  Under Rule 15 of the Federal Rules of Civil Procedure, the Court

should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2). This Circuit has held that "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and citations omitted).  In this case, it is at least possible that Plaintiff can cure the jurisdictional defect: she can assert her claim in diversity against Defendant Myers alone, or she can assert a viable federal claim against each defendant.  Although the Court doubts that either course ultimately will succeed, the Court must afford Plaintiff the opportunity and therefore will grant leave to amend.

Plaintiff's complaint attempts to address several different alleged wrongs in a single long paragraph.  In any amended complaint, Plaintiff must set forth separate claims in separate counts, identifying the defendant alleged to be liable in each count.

### B.   Defendants Judge Janice Crawford, Judge Thomas LeClaire, and Maricopa County Superior Court.

Plaintiff makes a number of allegations against Defendants Crawford, LeClaire, and Maricopa County Superior Court regarding the post-divorce proceedings.  In short, Plaintiff disagrees with decisions made by the judges in connection with the proceedings and alleges that they conspired against her with other defendants.  The claims these Defendants are barred as a matter of law and the Court will dismiss them with prejudice.

The face of Plaintiff's complaint lists 42 U.S.C § 1983 among various other federal and state statutes as grounds for relief.  Doc. 1 at 1.  Under § 1983, a plaintiff may seek relief for federal constitutional violations by officials acting under color of state law. *See, e.g.*, *Brunette*, 294 F.3d at 1213.  Because Defendants Crawford and LeClaire are the only state actors listed as defendants, the Court construes Plaintiff's § 1983 complaint to be directed at these two defendants.  Because a civil rights claim pursuant to § 1983 raises a federal question, the Court has subject matter jurisdiction.

All of Plaintiff's claims against Defendants Crawford and LeClaire relate to actions or omissions in the course and scope of their duties as judges.  Judges "are

absolutely immune from liability for [their] judicial acts, even if [their] exercise of authority is flawed[.]" *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). For purposes of judicial immunity, a judicial act is a function normally performed by a judge in his or her official capacity. *See id.* at 362. Plaintiff alleges an "unfair final order" by Judge LeClaire, (Doc. 1 at 7), that "Judge Crawford . . . tried to bully, gang up on, and [conspire against her]," (*id.*), and expresses dissatisfaction with the guardian ad litem and the psychiatrist appointed by Judge Crawford (Doc. 1 at 3). Each of these allegations relates to acts performed by Judges Crawford and LeClaire in their official capacity as judges, and her claims against Maricopa County Superior Court are based on the actions of these judges. As a result, all claims against these Defendants are barred by absolute judicial immunity. This defect in Plaintiff's claims cannot be overcome by amending the complaint, and the Court therefore will dismiss the claims against Crawford, LeClaire, and Maricopa County Superior Court with prejudice.

**III.   Plaintiff's Obligations.**

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends , . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(e) provides that each such paragraph "shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). The forms contained in the Appendix to the Federal Rules of Civil Procedure – which include forms regarding jurisdictional statements and sample complaints on various causes of action – "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Fed. R. Civ. P. 84.

The amended complaint must give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they are based. *See Holgate v. Baldwin,* 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claims and the specific legal theory supporting each claim. *See id.;* Fed. R. Civ. P. 8(a)(2). The amended complaint must also provide a clear statement of this Court's jurisdiction and the relief Plaintiff seeks. *See* Fed. R. Civ. P. 8(a)(1), (3).

If Plaintiff fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b). *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).

**IT IS ORDERED:**

1.      Defendants' motions to dismiss (Docs. 8, 11, 13) are **granted**.

2.      The complaint (Doc. 1) is **dismissed with prejudice** with respect to Defendants Crawford, LeClaire, and Maricopa County Superior Court.

3.      The complaint (Doc. 1) is **dismissed without prejudice** with respect to Defendants Leo Bernard Myers, The Cavanagh Law Firm, and Philip Gerard.

4.      Plaintiff shall have until **November 1, 2013** to file an amended complaint consistent with this order.

5.      The Rule 16 Case Management Conference set for October 11, 2013 at 4:30 p.m. is **vacated**.

Dated this 10th day of October, 2013.

David G. Campbell
United States District Judge